IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-CV-00334-LL-JHR

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

CONSTRUCTION REPORTER DIGITAL
MAGAZINE LLC, and CONSTRUCTION
REPORTER LLC,

    Defendant.

# PLAINTIFF'S ANSWER
# TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Christopher Sadowski ("Plaintiff"), as and for his Answer and Affirmative Defenses to defendants Construction Reporter Digital Magazine LLC ("Construction Reporter Digital Magazine") and Construction Reporter LLC's ("Construction Reporter LLC") (collectively, the "Defendants") Counterclaim, respectfully pleads as follows:

1. Plaintiff admits that he is a professional photographer who licenses certain works in his photography collection. Plaintiff denies the remaining allegations contained in this paragraph.

2. Plaintiff admits that, given the fact that his professional work has been infringed thousands of times on the internet, he has engaged counsel numerous times to pursue infringers to both remove the improperly-displayed work and for monetary compensation. Plaintiff further admits that, from approximately March 2015 through the present date, he has filed over 100 federal lawsuits for copyright infringement. Plaintiff denies the remaining allegations contained in this paragraph.

3. Denied.

4. Plaintiff is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning the method(s) by which the various Defendants searched for and ultimately infringed Plaintiff's photography. Plaintiff denies the remaining allegations contained in this paragraph.

5. Plaintiff admits that, on September 14, 2021, counsel for Plaintiff sent a demand letter pursuant to Fed. R. Evid. 408 to Construction Reporter Digital Magazine which demanded payment of sums specified therein, demanded that Construction Reporter Digital Magazine remove the subject photograph from its website, attached a draft Complaint, and informed Construction Reporter Digital Magazine that damages under the Copyright Act could be awarded up to $150,000.00 if infringement was found to be willful. Plaintiff further admits that, notwithstanding the fact that the letter is clearly identified as a "FRE 408 SETTLEMENT COMMUNICATION," Defendants attached a copy thereof to the Counterclaim.

6. Plaintiff is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning the method(s) by which Defendants searched for and ultimately infringed Plaintiff's photography. Plaintiff denies the remaining allegations contained in this paragraph.

7. Denied.

8. Plaintiff is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning Defendants' knowledge that Plaintiff owned the subject photographs or the steps taken by Defendants upon receipt of the aforementioned demand letter. Plaintiff denies the remaining allegations contained in this paragraph.

9. Plaintiff admits that he filed this lawsuit. Plaintiff denies the remaining allegations contained in this paragraph.

10. Denied.

## COUNT I
### (Declaratory Judgment Under 28 U.S.C. § 2201 et seq.)

11. Plaintiff adopts and incorporates by reference his responses to the paragraphs above as if fully set forth herein.

12. Plaintiff admits that a dispute exists between Plaintiff and each of the Defendants with respect to the infringement of Plaintiff's professional photography for which none of the Defendants offered any compensation or paid any license to Plaintiff prior to the use of Plaintiff's professional photography for commercial purposes. Plaintiff denies the remaining allegations contained in this paragraph.

13. Denied.

## COUNT II
### (Violation of New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 *et seq.*)

14. Plaintiff adopts and incorporates by reference his responses to the paragraphs above as if fully set forth herein.

15. Denied.

16. Denied.

## COUNT III
### (Prima Facie Tort)

17. Plaintiff adopts and incorporates by reference his responses to the paragraphs above as if fully set forth herein.

18. Denied.

19. Denied.

Plaintiff denies each and every allegation contained in the "Relief Requested" clause of the Counterclaim. In addition, Plaintiff denies each and every allegation of the Counterclaims not specifically admitted herein. Plaintiff further denies that Defendants are entitled to any of the relief requested and demands strict proof of each element of Defendants' claims and asserted damages.

## AFFIRMATIVE DEFENSES

For his further and separate affirmative defenses to the Counterclaim and the claims Defendants purport to assert therein, and without assuming the burden of proof on any matters for which that burden rests with Defendants, Plaintiff alleges:

### First Defense

Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands. Each of the Defendants committed a straightforward act of copyright infringement and was ultimately caught red-handed while infringing Plaintiff's protected copyright. Upon being caught, Defendants' response was to band together and assert nonsensical claims to divert attention from their own tortious conduct in stealing Plaintiff's work without having paid any compensation/license fee to Plaintiff.

### Second Defense

Defendants' claims are barred, in whole or in part, because Defendants lack standing to pursue the claims brought herein.

### Third Defense

Defendants' claims are barred, in whole or in part, because Defendants failed to mitigate their damages (if any).

### Fourth Defense

Defendants' claims are barred, in whole or in part, because Plaintiff's actions were protected by the litigation privilege.

### Fifth Defense

Defendants' claims are barred, in whole or in part, by the Noerr-Pennington Doctrine.

### Sixth Defense

Count I of the Counterclaim fails to state a cause of action for which relief can be granted as Defendants have not alleged the requisite elements of a claim for copyright misuse.

### Seventh Defense

Count II of the Counterclaim fails to state a cause of action for which relief can be granted as Defendants have not alleged the requisite elements of a claim for violation of New Mexico's Unfair Practices Act.

### Eighth Defense

Count III of the Counterclaim fails to state a cause of action for which relief can be granted as Defendants have not alleged the requisite elements of a claim for prima facie tort.

### Ninth Defense

Counts II and III of the Counterclaim are preempted by the Copyright Act.

### **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

### **Demand For Attorneys' Fees**

Plaintiff demands that he be awarded his reasonable attorneys' fees incurred in defending against Defendants' claims pursuant to 17 U.S.C. § 505 and N.M. Stat. Ann. § 57-12-10.

Dated: June 16, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228

[dan@copycatlegal.com](mailto:dan@copycatlegal.com)

By: /s/ Daniel DeSouza, Esq.
    Daniel DeSouza, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.