IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-CV-00334-KG-JHR

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

CONSTRUCTION REPORTER DIGITAL MAGAZINE LLC, and CONSTRUCTION REPORTER LLC,

    Defendant.

## **STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff Christopher Sadowski ("Plaintiff") and defendants Construction Reporter Digital Magazine LLC ("Construction Reporter Digital Magazine") and Construction Reporter LLC ("Construction Reporter LLC") (collectively, the "Defendants"), by their undersigned counsel, request the Court to enter the Stipulated Confidentiality Agreement and Protective Order submitted herewith in the above-captioned case.

Respectfully submitted,

| | |
|---|---|
| /s/ Daniel DeSouza | /s/ Jeffrey L. Squires |
| Daniel DeSouza | Jeffrey L. Squires |
| COPYCAT LEGAL PLLC | SQUIRES LEGAL COUNSEL, LLC |
| 3111 N. University Drive | P.O. Box 92845 |
| Suite 301 | Albuquerque, NM 87199 |
| Coral Springs, FL 33065 | jsquires@squireslegal.com |
| dan@copycatlegal.com | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.1:22-cv-00334-KG-JHR |
| | ) |
| CONSTRUCTION REPORTER | ) |
| DIGITAL MAGAZINE, LLC; | ) |
| CONSTRUCTION REPORTER LLC | ) |
| | ) |
| Defendants. | ) |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Blaine Harrington III and Defendants Construction Reporter Digital Magazine, LLC and Construction Reporter LLC (collectively referred to herein as the "Appearing Parties", each of whom is referred to herein as a "Party") through their undersigned counsel, hereby agree and stipulate to the following procedures to govern the use of those categories of confidential information described herein throughout the pendency of the above-captioned matter (the "Action").

This proceeding involves a claim by Plaintiff that Defendants have infringed a copyright he allegedly owns, and counterclaims by Defendants alleging that Plaintiff has used courts to file and settle complaints with others as part of a business strategy to use the copyright laws for a purpose for which they were not intended, for violation of the New Mexico Unfair Practices Act ("UPA" and for prima facie tort. Plaintiff will likely seek information from Defendants about its business practices that Defendants consider confidential. Defendants will seek to obtain documents evidencing Plaintiff's licensing practices and arrangements, sources of his income, and agreements with third parties that may be subject to confidentiality provisions. Neither Plaintiff

nor Defendants necessarily agree that any such documents are discoverable, but both believe entry of the Protective Order will assist the parties in the handling of confidential/proprietary documents that may be produced.

A. Categories of Documents and Information

The parties anticipate that they will seek from one another or from third parties documents and information on the following subjects that are considered confidential, though as stated above, neither party concedes that such information is actually discoverable:

1. The results of Plaintiff's lawsuits for copyright infringement against others.

2. Plaintiff's income from his conduct of a photography business, and his income from litigation he initiates for copyright infringement.

3. Plaintiff's licensing arrangements with clients, photo agencies, and those he sues for copyright infringement.

4. Plaintiff's arrangements with service providers for the purposes of monitoring the web and social media.

5. Defendants' net revenues, profits, and costs associated with the use/publication of Plaintiff's photography.

B. Procedure for identifying and using Confidential Information

1. In response to discovery requests, the Parties may produce documents and/or information that they, in good faith, believe contain confidential and proprietary information.

2. Any documents or information produced by the Parties subsequent to the execution of this Stipulation may be designated as being "CONFIDENTIAL," provided

that the designation is made in good faith, by marking such documents or information with the notation "CONFIDENTIAL." All depositions or portions of depositions taken in this case that contain trade secret or other confidential information may be designated "CONFIDENTIAL" and thereby obtain the protections accorded other "CONFIDENTIAL" documents pursuant to this Stipulation. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within ten (10) days of receipt of the transcript. If not earlier designated, depositions shall be treated as "CONFIDENTIAL" during the ten-day period following receipt of the transcript. Such "CONFIDENTIAL" documents or information may not be disclosed for any purpose outside of this Action and may be used in this Action only in accordance with the following conditions, safeguards, and limitations:

        a) The documents produced pursuant to this Stipulation shall be used or disclosed only in connection with this Action, including appeals and decisions relating thereto, in accordance with the provisions of this Stipulation, and shall not be used in any other litigation, business, or for any other purpose without further order of this Court.

        b) The documents produced pursuant to this Stipulation and all copies and summaries thereof shall not be disclosed to persons other than (i) the Parties in this Action and their employees, (ii) counsel of record for the Parties in this Action and their employees and consultants, (iii) witnesses at depositions , (iv) experts retained for the purpose of preparing for depositions or trial and (v) persons retained by a Party or its attorney solely for the purpose of assisting counsel of record in the prosecution, defense or settlement of the Action, such as consultants. Said materials may be disclosed to witnesses and experts as part of trial preparation and prior to their actual testimony.

c) The documents produced pursuant to this Stipulation and all copies and summaries thereof may be disclosed to the Court and its personnel, including court reporters employed by the Court.

3. Prior to disclosing "CONFIDENTIAL" documents to persons listed in Paragraph 2(b)(i)-(v) above, counsel shall inform each person receiving any "CONFIDENTIAL" documents or information of the terms of this Stipulation as well as the obligation to comply with its terms. All such persons listed in paragraph 2(b)(i)-(v) who receive "CONFIDENTIAL" documents or information shall be bound by the terms of the Stipulation, and shall not permit disclosure of the "CONFIDENTIAL" documents or information other than pursuant to the terms of this Stipulation. Each person appropriately designated pursuant to paragraphs 2(iv) and (v) to receive "Confidential" documents or information shall execute a "Written Assurance" in the form attached as Exhibit A. The Court and its personnel, including court reporters employed by the Court, will not be bound by the terms of the Stipulation.

4. Anything to the contrary notwithstanding, this Stipulation shall not apply to knowledge, information or documents already held by the non-disclosing Party, which was obtained from sources other than the documentation or information disclosed and designated confidential in good faith pursuant to this Stipulation. The Stipulation shall also not apply to publicly available information.

5. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. The designation of, or acquiescence to, the designation of any documentation, deposition transcript or testimony or other information as

"CONFIDENTIAL" shall not have any evidentiary value relating to the status of such information. Moreover, a "CONFIDENTIAL" designation or acquiescence shall not be construed as an admission that the information is, in fact, confidential or is protected from disclosure pursuant to any privilege provided by Florida law.

6. In the event the Parties disagree as to the propriety of the designation of any particular document or information as "CONFIDENTIAL," the Parties shall attempt to resolve any challenge in good faith on an informal basis. If the dispute cannot be resolved, the disclosing Party must move for a protective order (or otherwise seek relief from the Court pursuant to its discovery procedures) with respect to the challenged document within 14 days of the challenge. The Court thereupon may determine whether any protections may be afforded to the document or information based upon applicable New Mexico law. The challenged document and information shall be treated as "CONFIDENTIAL" pursuant to this Stipulation pending a ruling by the Court with respect to the challenge.

7. The documents or information designated pursuant to this Stipulation as "CONFIDENTIAL" may be disclosed to the Court in connection with any filing or proceedings in this Action. The Party disclosing said documents or information must file a motion requesting that the Court allow such "CONFIDENTIAL" documents or information to be filed under seal, which may be so filed if the Court finds there is good cause for withholding such documents or information from the public. All "CONFIDENTIAL" portions of briefs or affidavits may be designated by clearly marking the notation "CONFIDENTIAL" or other similar legend on each the contents thereof. If used in any court proceeding herein, such material shall not lose its protected status through such use.

8. The Party which intends to use or disclose "CONFIDENTIAL"

documents or information in a court proceeding in this Action shall take all reasonable steps to ensure the continuing confidentiality of the documents. In the event that any of the "CONFIDENTIAL" documents or information are used in any court proceeding herein, they shall not lose their protected status through such use.

9. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

10. Any Party who inadvertently fails to identify documents or information as "CONFIDENTIAL" shall advise any other Party within a reasonable period of time from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any Party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation pursuant to this Stipulation.

11. For good cause, any Party may seek modification or termination of this Stipulation by first attempting to obtain the consent of the other Party to such modification,

and then, absent consent, by application to this Court.

12. At the conclusion of this Action by judgment, dismissal or stipulation, and the expiration of any and all appeals therefrom or by settlement, counsel for the Parties shall either return or destroy all originals and copies, summaries or other reproductions of "CONFIDENTIAL" material, including all prints, summaries, electronic copies and other reproductions of such material. The Party returning or destroying the "CONFIDENTIAL" documents or information shall provide the other Party with a written certification that it has returned or destroyed all such originals and copies, summaries or other reproductions of "CONFIDENTIAL" material, including all prints, summaries, electronic copies and other reproductions of such material.

13. Entering into, producing or receiving discovery material pursuant to, or otherwise complying with the terms of, this Stipulation shall not (i) operate as an admission that any particular material constitutes "CONFIDENTIAL" discovery material, (ii) prejudice in any way the rights of any Party or producing Party to object to the production of documents or to the authenticity or admissibility of any discovery material, or to seek a Court determination whether any discovery material should be subject to the terms of this Stipulation, or (iii) prevent any Party or producing Party from seeking a further protective order relating to any discovery material or from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material.

14. In the event that any Party is served with any judicial process, court order, and/or administrative or regulatory order to compel production or disclosure of any documents, materials, papers, testimony, or things that have been designated "CONFIDENTIAL," that Party shall inform the other Parties to this Order within five

business days of the receipt of such process or order.

      15.    This Stipulation shall survive the termination of this Action, whether by dismissal, final judgment or stipulation, the expiration of any and all appeals therefrom, or settlement, and shall continue in full force and effect. A Party may seek leave to reopen the case to enforce this Order.

The foregoing Stipulated Confidentiality Agreement is entered by the Parties.

| | |
|---|---|
| */s/Daniel DeSouza* | */s/Jeffrey L. Squires* |
| Daniel DeSouza | Jeffrey L. Squires |
| James D'Loughy | SQUIRES LEGAL COUNSEL, LLC |
| COPYCAT LEGAL PLLC | P.O. Box 92845 |
| 3111 N. University Drive, Suite 301 | Albuquerque, NM 87199 |
| dan@copycatlegal.com | 505-835-5500 |
| james@copycatlegal.com | jsquires@squireslegal.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

The foregoing Stipulated Confidentiality Agreement is hereby adopted and ratified by this Court.

**SO ORDERED:**

                        **The Honorable Kenneth J. Gonzales**
                        **United States Magistrate Judge**

# EXHIBIT A

## WRITTEN ASSURANCE

I, _____ declare that:

I reside at _____ in the city of _____, county of _____, and state of _____;

I am currently employed by _____ located at _____, and my current job title is _____.

I have read and believe I understand the terms of the Joint Stipulation of Confidentiality and Order dated _____, 2022, filed in Case No. _____ pending in the United States District Court for the District of New Mexico. I agree to comply with and be bound by the provisions of the Joint Stipulation of Confidentiality and Order. I understand that any violation of the Joint Stipulation of Confidentiality and Order may subject me to sanctions by the Court.

As soon as practical, but no later than thirty (30) days after final termination of the Action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of New Mexico for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 2022.

_____
*Signature*