IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.1:22-cv-00334-KG-JHR |
| | ) |
| CONSTRUCTION REPORTER | ) |
| DIGITAL MAGAZINE, LLC; | ) |
| CONSTRUCTION REPORTER LLC | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

I.   INTRODUCTION

Defendants/Counterclaim Plaintiffs Construction Reporter Digital Magazine, LLC and Construction Reporter LLC (collectively "Construction Reporter"), by their undersigned counsel, acting pursuant to Rule 37(a), F.R.C.P. and Local Rules 26.6 and 37.1 of this Court, D.N.M.LR-civ-26.6 and 37.1, for reasons and good cause shown, request this Court to order Plaintiff/Counterclaim Defendant Christopher Sadowski ("Sadowski") to provide answers to interrogatories nos. 26, 27, 28 and 29 of Construction Reporters' Second Set of Interrogatories and to produce documents responsive to document requests no. 25 and 26 of their Second Request for Production of Documents.  Copies of Sadowski's interrogatory answers and written responses to document requests, served on February 27, 2023, are submitted herewith as Exhibits 1 and 2, respectively.  Sadowski objected to and refused to provide answers or provide documents in response to those discovery requests.[1]

---

[1] This is the second motion to compel Construction Reporters have filed in this case.  Their previous Motion to Compel [Doc. 25] was filed herein on January 17, 2023, has been fully briefed, and a decision remains pending on that motion.

The subject discovery requests all seek information relevant to the claims and defenses of the parties in this case. Sadowski's refusal to provide answers and documents in response to the above-referenced interrogatories and document requests is without any, much less substantial, justification. Accordingly this Court should order Sadowski to comply with those discovery requests; and pursuant to Rule 37(a)(5), F.R.C.P., should order Sadowski or his attorney to pay Construction Reporters' reasonable expenses incurred in making this motion, including their attorneys fees.[2]

Construction Reporters made good faith efforts to secure the subject discovery without resort to filing this motion to compel. See undersigned counsel's correspondence of February 28, 2023 and March 12, 2023, copies of which are attached hereto as Exhibits 3 and 4 respectively. On March 14, 2023 Sadowski's counsel did advise that they were "working on the discovery issues" along with asking for agreement to stay the proceeding. See Exhibit 5 submitted herewith including undersigned counsel's response. Counsel for Construction Reporters cannot wait to file this motion, due by March 20, 2023, given the constraints of Local Rule 26.6

## II.   BACKGROUND FACTS

A brief discussion of the background facts giving rise to Construction Reporters' Second Motion to Compel is included in their previous motion to compel [Doc. 25, pp. 4-6.][3]. Sadowski sued Construction Reporters for copyright infringement, based on allegations that they had

---

[2] Sadowski's objections to Construction Reporters' previous motion to compel in the present case were based on arguments that Judge Ritter had found to be unavailing in a discovery order entered previously in a separate case involving different parties but that presented identical discovery requests. See the Court's Memorandum Opinion and Order dated November 17, 2022 [Doc. 37] in the case <u>Harrington v. 360 ABQ, LLC</u>, Case No. 1:22-cv-00063-KG-LF (then assigned to Magistrate Judge Ritter).

[3] In their previous motion Construction Reporters were requesting an extension of time to have their motion to compel considered, as required by Local Rule 26.6. There is no issue of timeliness with respect to this, their Second Motion to Compel. Sadowski's objections and refusal to provide responses to the discovery requests here at issue reflect a continued pattern of refusal to comply with basic discovery obligations.

included a photograph in which he claimed to own copyright on their internet website. In response Construction Reporters have asserted defenses and alleged counterclaims that Sadowski has engaged in the practice of making extortionate demands and threatening and filing lawsuits against well over 100 parties who, to the best of Construction Reporters' understanding, downloaded photographs from the web that do not identify Sadowski as the photographer or owner of copyright in those photographs, all part of a scheme practiced by Sadowski that is inconsistent with the proper province of copyright protection. The purpose of the discovery requests that are the subject of this motion is to obtain information, not available from other sources, to support Construction Reporters' defenses and counterclaims.

### III. DISCOVERY SOUGHT

A. Interrogatories (see Exhibit 1).

Sadowski objected to interrogatories 26, 27, 28 and 29. Interrogatory 26 asked for the number of times Sadowski had entered settlement agreements with parties he had accused of infringing his copyrights on allegations of the same kind of conduct about which he is complaining in the present case. Interrogatory 27 sought the total amount of money he had received, net of expenses, based on accusations he had made about the infringing conduct of others. Interrogatory 28 asked for the total amount of money he had earned from his professional activities as a photographer, from January 1, 2019 through the present. Interrogatory 29 asked for the number of lawsuits he had filed since January 1, 2017 in which he had alleged copyright infringement allegations that others had downloaded photographs on a website or social media page without his consent. The sole basis for his objection in each of these interrogatories was that they exceeded the number of interrogatories allowed by Rule 33(a)(1), F.R.C.P.

That rule provides that "unless otherwise stipulated or ordered by the court" a party may serve no more than 25 written interrogatories on another. The Scheduling Ordering entered in this case [Doc. 17] adopts that limitation, providing for a "Maximum of twenty-five (25)

Interrogatories per party." There are two Defendant parties in this matter. Accordingly, Defendants are allowed, between them, a total of 50 interrogatories.

      B.      Document Requests (see Exhibit 2).

Sadowski objected to two document requests (Nos. 25 and 26) sought by Construction Reporters in their Second Set of document requests. Request 25 sought correspondence Sadowski or his attorney had sent to any website owner seeking to have an image removed or payment made for past infringement. Sadowski objected on the grounds of relevance, repeating essentially verbatim the objections he had previously made to similar requests in the 360 ABQ matter, and further contending that any take down notices he may have sent to other website owners were not relevant. Document request 26 sought correspondence Sadowski had received from any person in response to demands or take down notices directed to the host of any website to which he had made demands based on alleged copyright infringement. In response to that request he merely referenced the objection he had made in response to request no. 25.

### IV.    ARGUMENT

A. Sadowski's objections to the discovery requests at issue are not justified.

In their Answer and Counterclaims Construction Reporters asserted defenses and made claims premised on allegations that Sadowski has engaged in a pattern of practices intended to extract amounts in excess of the fair value of any photographs that were subject claims he threatens and files if the targets of his threats do not comply with his extortionate demands; that he knowingly allowed his photographs to be available on websites; and that these practices are in furtherance of activities that are inconsistent with the purposes of copyright and constitute misuse of copyright. He has contested these allegations, but has offered no evidence that disproves them. All the information sought by Construction Reporters in the discovery requests that are the subject of this motion are intended to obtain evidence that is relevant to their contentions.

The only objection Sadowski has made to the interrogatories at issue are based on there

being in excess of the number permitted by the Federal Rules. Those objections are demonstrably erroneous. Construction Reporters have not exceeded the number of interrogatories permitted under either applicable rules or the Scheduling Order in this case. Rule 33(b)(4) expressly limits objections to interrogatories that may be considered to those that are specified in a party's response. For these reasons the Court should compel Sadowski to answer the contested interrogatories.

Nor has Sadowski made objections that justify his refusal to produce documents responsive to document requests 25 and 26, in which Construction Reporters seeks evidence of the extent of the practices by which he has made demands of well over 100--and likely hundreds--of persons he has accused of copyright infringement; and of his actions--or lack of actions--to prevent the availability of his photographs on websites that provide no mention of his name or ownership. All this is part of the conduct Construction Reporters have alleged to constitute misuse of copyright. Nor has he provided documents evidencing efforts (if any) Sadowski has made to prevent web hosts or others who may have made his photographs available on the web for others to download, without notice of his claim to copyright protection. Such evidence would support Construction Reporters' allegations that he has made no efforts to prevent the downloading of his photographs by unknowing, likely innocent, infringers. Sadowski's objections are the same kinds of objection, to requests for information made by the defendant in Harrington v. 360 ABQ, LLC, supra., which Judge Ritter found did not justify the refusal to produce responsive documents.

B.   This Court should award Construction Reporters their costs, including attorneys fees reasonably incurred in seeking answers and documents in the present motion.

There is no justification, substantial or otherwise, for Sadowski's objections that are the subject of the present motion. Rue 37(a)(5) F.R.C.P. provides that if a motion to compel is granted, or prompts the requested disclosure, the court "must" require the party whose conduct necessitated the motion or the attorney advising the conduct to ay the moving party's expenses, including attorneys' fees, incurred in making the motion, The only exceptions to that requirement are if the moving party failed to first attempt in good faith to obtain the discovery; the opposing party's

5

objection was substantially justified; or circumstances made an award of expenses unjust. Tule 37(a)(5)(A)(i-iii). None of those exceptions exist here. See, e.g., Walker v. THI of New Mexico at Hobbs Center, 2011 U.S. Dist. LEXIS 158815, *14 (D.N.Mex. June 10, 2011) (Court ordered defendant to amend an interrogatory answer and produce documents responsive to several document requests, and awarded plaintiff 2/3 of her expenses, after finding 1/3 or defendant's responses were substantially justified).

Here Sadowski cannot justify his discovery conduct. He has refused, after good faith efforts by Construction Reporters to obtain discovery, to answer interrogatories or produce documents seeking information relevant to their affirmative defenses, counterclaims, and need for information, all within the scope of discovery. Sadowski's refusal to comply with his discovery obligations is in furtherance of an effort to stymie Construction Reporters, pure ad simple. An award of expenses including attorneys fees should be made.

CONCLUSION

Sadowski's objections to the discovery requests that are the subject of Construction Reporters' Second Motion to Compel are without any justification, and this Court should order him to comply with the discovery sought. Further, there being no justification for his objection to these discovery requests, the Court should order Sadowski and/or his attorney to pay them the reasonable expenses they incurred in seeking the discovery, including their attorneys fees.

Respectfully submitted,

/s/ Jeffrey L. Squires
Jeffrey L. Squires
SQUIRES LEGAL COUNSEL, LLC
P.O. Box 92845
Albuquerque, NM  87199
Tel: (505) 835-5500
jsquires@squireslegal.com
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | ) |
| Plaintiff, | ) |
| v. | ) Case No.1:22-cv-00334-KG-JHR |
| CONSTRUCTION REPORTER DIGITAL MAGAZINE, LLC; CONSTRUCTION REPORTER LLC | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE FOR DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

I hereby certify that on this 16th day of March, 2023 a true and correct copy of the foregoing Defendants'/Counterclaim Plaintiffs' Second Motion to Compel Discovery in the above-captioned matter was filed and served, along with this Certificate, to the following counsel of record via the Court's CM/ECF system.

Daniel DeSouza
James D'Loughy
COPYCAT LEGAL, PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL  33065
Telephone:  (877) 437-6228
Email:  dan@copycatlegal.com
        james@copycatlegal.com


*/s/ Jeffrey L. Squires*